IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE JONES | § | |
| v. | § | CIVIL ACTION NO. 6:06cv214 |
| 7TH JUDICIAL DISTRICT COURT, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Michael Jones, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Jones sued the 7th and 114th Judicial District Courts of Smith County, Texas, the "Smith County court system," the Smith County district attorney's office, and the State of Texas. He said that he was charged with burglary of a habitation in 1987, and bonded out of jail, but heard nothing more about the case until he was arrested in Houston in 2006. At this time, he discovered that he was considered a "fugitive" in the 1987 case. Jones said that the case should have "been dismissed a long time ago" and that he had been placed in danger by the issuance of the fugitive warrant, which could have caused him to be "shot and killed over nothing." Jones said that he spent two months in jail and asked for monetary damages as well as an order to the Defendants that "they do their jobs better" to prevent a recurrence of incidents like this.

After a review of the complaint, the Magistrate Judge issued a Report on May 18, 2006, recommending that the lawsuit be dismissed. The Magistrate Judge observed that the state district courts are not suable entities in their own names, but are agencies of the State of Texas, and thus are protected by the doctrine of sovereign immunity. Similarly, the State of Texas, which also enjoys sovereign immunity, cannot be named as a Defendant in the lawsuit.

The Magistrate Judge further said that the "Smith County court system" was not a suable entity because it had no separate jural existence, and that the district attorney had absolute prosecutorial immunity from monetary damages. Finally, the Magistrate Judge said that the federal courts lacked jurisdiction to issue an order to the Defendants to "do their jobs better" because the federal district courts lack supervisory power over the state courts and state prosecutor.

Jones received a copy of the Magistrate Judge's Report on May 23, 2006, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Reports of the Magistrate Judge are correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 17th day of August, 2006.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE